IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>YOUNG EUN CHUNG<br><br>　　　　　Defendant. | CR. NO. 04-0036SOM<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION FOR PERMISSION TO<br>ENTER ALFORD PLEA |

**MEMORANDUM IN SUPPORT OF MOTION PERMISSION TO ENTER ALFORD PLEA**

I.   **PERTINENT FACTS**

Young Eun Chung is 34 years old. She is a legal resident alien and the daughter of co-defendant Sang Mo Chung who is a naturalized United States citizen. Korean is Young's native tongue.

Sang Mo Chung purchased McCully Market, a small "Mom and Pop" liquor store on August 12, 2002. On July 1, 2003 Sang Mo Chung incorporated the business and had his wife and daughter Young installed as corporate officers.

Between the dates of October 24 -27, 2004 Young was assisting her father as a sales clerk at McCully Market. On October 24, 2004 an undercover Honolulu Police Officer entered the establishment and purchased "drug paraphernalia" from Sang Mo Chung.

5

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Notice of Hearing Motion for Permission To Enter Alford Plea**

Young assisted her father during the sale by placing the items in a black plastic bag.

On October 27, 2006 the undercover officer again entered the McCully Market and this time purchased "drug paraphernalia" from Defendant Young.

A search warrant was issued for McCully Market which was executed on January 6, 2005. The government recovered numerous objects for sale which the government alleges was "drug paraphernalia." Subsequently on January 2, 2004 a warrant for arrest was served on Young Eun Chung. The arrest garnered significant media attention.

As a result of the negative publicity surrounding the undercover sting operation business took a dramatic downturn. So much so that on April 21, 2004, 20 months after Sang purchased the store it was sold at a loss.

During the timeframe the search warrant was issued in this case, the government was involved in numerous other similar sting operations against other "mom and pop" liquor establishment in Honolulu. As a result several other store owners and employees were arrested and charged with possession and sales of drug paraphernalia. Each of the other charged defendants entered pleas to the charges and were sentenced to probation. Sang Mo Chung, Young's father, appeared before this court and pled guilty to similar charges on August 16, 2006. Young Eun Chung is the sole remaining "paraphernalia" defendant. As a result of her Alien resident status an **admission** to the

6

charged offenses will subject her to deportation and exclusion from the country.

## II. ARGUMENT

### AN ALFORD PLEA UNDER THE CIRCUMSTANCES OF THIS CASE WOULD BE JUST AND APPROPRIATE AND IN THE PUBLIC INTEREST IN THE AFFECTIVE ADMINISTRATION OF JUSTICE

Young Eun Chung acknowledges that consent of the court is required to enter a *nolo contendere* plea and the defendant has no absolute right to such a plea.[1] However even though the government must be heard on this issue, its consent is thus not required for entry of a *nolo contendere* plea.[2] In an often-cited case, *United States v. Jones*, 119 F. Supp. 288 (D. Cal.1954) the district court held that the DOJ policy instructing the United States Attorneys not to consent to *nolo contendere* pleas was not binding on the courts.[3] The court did

---

[1] FED. R. CRIM. P. 11(b). Various circuits have held that the judge has wide discretion in accepting or rejecting the defendant's offer to plead *nolo contendere*. *See, e.g., United States v. Cepeda Penes*, 577 F.2d 754, 756 (1st Cir. 1978) ("[A]cceptance of a *nolo* plea is solely a matter of grace..."); *United States v. Gratton*, 525 F.2d 1161, 1163 (7th Cir. 1975) ("[I]t seems at least arguable that the acceptance of a *nolo* plea is so broadly a matter of discretion that a judge's policy against such a plea is itself within [the judge's] discretion."); *United States v. Dorman*, 496 F.2d 438, 440 (4th Cir. 1974) (Judge's general policy against *nolo* pleas except in tax evasion cases was within judge's discretion); *United States v. Bearden*, 274 F.2d 1031, 1036 (6th Cir. 2001) (It was within judge's discretion to reject the *nolo contendere* plea where the defendant failed to offer any compelling reason for not doing so).

[2] *See United States v. Jones*, 119 F. Supp. 288 (D. Cal. 1954). Although government's consent is not required in federal courts, some states do require prosecutor consent before the *nolo contendere* plea is entered. Others ban the plea completely.

[3] This case was decided at a time when Rule 11(b) did not require the court to consider prosecution's view on the matter. Before the 1975 amendments the Rule only required consent of court for entry of the plea. However, in view of other precedents it does not seem likely that the *Jones* court would have come out differently even after the 1975 amendments (the Rule's

7

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Notice of Hearing Motion for Permission To Enter Alford Plea**

not find any evidence that the plea was abused by the defendant and agreed with the defendant's argument that criminal prosecution should not be used to procure an advantage in a subsequent civil action.

In a similar case from the same period, *United States v. Cigarette Merchandisers Association*, 136 F. Supp. 212 (S.D.N.Y. 1955), the government argued that the victims of the defendant's anti-trust violations should be allowed to take advantage of the government's prosecution in their own treble damage suits. *Id.* at 213.

The court agreed with the government's argument in general, but noted that because the government had already commenced a companion civil trial based on the same charges, there was no need to obtain a guilty verdict in the criminal proceedings. *Id.* In both cases, the court accepted the *nolo contendere* plea over the government's objection. *Id.*

Although it is not bound to follow the government view on the acceptance of a *nolo contendere* plea, the court gives it serious consideration, as Rule 11 suggests.[4] For example, *United States v. Standard Ultramarine & Color Co.* involved a massive anti-trust action against defendants representing close to

---

present form) have been adopted. *See* Victoria Kanawalsky, Note, *Nolo Contendere: Acceptance in the Federal Courts*, 10 MEMPHIS ST. U. L. REV. 550, 557-58 (1980).

[4] FED. R. CRIM. P. 11(b). *See* United States v. Standard Ultramarine & Color Co., 137 F. Supp. 167 (S.D.N.Y. 1955); United States v. Thompson, Inc., 621 F.2d 1147 (1st Cir. 1980).

8

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Notice of Hearing Motion for Permission To Enter Alford Plea**

38% of the sales in the nation's dry colors industry. [5] The court formulated a number of factors to use in deciding whether public interest was best served by acceptance or rejection of the proposed *nolo* plea.[6] Among these factors – to be given relative, but by no means controlling weight, is the view of the Attorney General. As chief enforcement officer his judgment, that from an over-all national viewpoint the prospect of conviction rather than a *nolo* plea will more readily vindicate the public interest, should be considered. *Id.*

The court in *Standard Ultramarine* followed the government's recommendation and rejected the defendant's *nolo contendere* plea. *Id.* Several authorities suggest that this is a more common route for a court to take. The 1975 Amendments to Rule 11, for example, explicitly required the judge to giving "due consideration of the views of the parties and the interest of the public in the effective administration of justice."[7]

Notwithstanding the fact that district courts rarely accept *nolo contendere* pleas over government objection. *See Cigarette Merchandisers,*

---

[5] *Standard Ultramarine*, 137 F. Supp. at 168-169.

[6] *Id.* at 172. In addition to the government's view, discussed below, these factors included the nature and the duration of the violation, the size and power of the defendant in its industry, the impact on the economy and the deterrent effect provided by acceptance of the *nolo* plea. *Id.*

[7] FED. R. CRIM. P. 11(b) (Advisory Committee Notes). This requirement was not present in the original rule, but was added by the 1975 amendments.

9

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Notice of Hearing Motion for Permission To Enter Alford Plea**

*supra*. There have been cases where a defendant's offer of a *nolo contendere* plea was accepted by a court over government's objection.[8]

In the instant case defendant an alien was working at McCully Market for her father the owner of the store. She does not speak English well and was taking directions from him as to the sale of all items. She has no criminal record and if she admits to the facts of the charges in this case she will face banishment from this country for what amounts to a probationable offense.[9] This is significant additional punishment which U.S. citizen defendant's did not suffer. This would clearly be unjust under the circumstances and not in the interest of the public administration of justice.

## II. CONCLUSION

Based upon the authorities cited above defendant submits that she should be allowed to enter an *Alford* plea in this case. Accordingly defendant would respectfully request an order from the court so approving such a plea.

---

[8] *See, e.g.,* United States v. Yonkers Contracting Co., 689 F. Supp. 339 (S.D.N.Y. 1988). Practitioners have made similar claims; for example, Herbert Edelhertz, Chief of Fraud Section in DOJ's Criminal Division, wrote: "Judges usually decline to accept a *nolo* plea unless the prosecutor consents openly, or tacitly by the lack of intensity of his objections." Herbert Edelhertz, *The Nature, Impact and Prosecution of White Collar Crime in* B. JAMES GEORGE, JR., WHITE COLLAR CRIMES: DEFENSE AND PROSECUTION 68, at 69. (1971) (acceptance of the nolo contendere plea over the government's objection is almost always followed by an imposition of a light or nominal sentence). Some writers claim, however, that such instances are far more numerous than the reported cases suggest. *See* Kanawalsky, *supra* note 3, at 563 n. 105, *citing* JOHN E. CONKLIN, ILLEGAL BUT NOT CRIMINAL 109 at 119 (1977); John M. Bray, *Nolo Pleas in Tax Cases*, 26 TAX LAW. 435, at 445-46 (1973).

[9] All of the other defendants with similar offenses received probation.

10

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Notice of Hearing Motion for Permission To Enter Alford Plea**

Dated: Honolulu, Hawaii, August 17, 2006.

                              /s/
                        William A. Harrison
                        Attorney for
                        YOUNG EUN CHUNG

11

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Notice of Hearing Motion for Permission To Enter Alford Plea**