EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA 1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: 541-2850
Facsimile: 541-2850
Mike.Kawahara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 04-0036SOM-01 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANT YOUNG EUN CHUNG'S |
| vs. | ) | MOTION FOR ENTRY OF ALFORD |
| | ) | PLEA; EXHIBIT "A" |
| YOUNG EUN CHUNG, (01) | ) | |
| SANG MO CHUNG, (02) | ) | |
| MCCULLY MARKET, INC., (03) | ) | |
| doing business as | ) | |
| McCully Market, | ) | |
| | ) | Hearing date: 8/21/06 at 3:45 |
| Defendants. | ) | p.m., before the Hon. Susan |
| _____ | ) | Oki Mollway, U.S. Dist. Judge |

## MEMORANDUM IN OPPOSITION TO DEFENDANT
## YOUNG EUN CHUNG'S MOTION FOR
## ENTRY OF ALFORD PLEA

The United States of America, by and through its undersigned counsel, hereby opposes defendant Young Eun Chung's above-entitled motion filed August 17, 2006.

Young Eun Chung is currently charged in the Indictment herein with two counts of selling drug paraphernalia.  If convicted, each offense bears a statutory penalty of imprisonment of up to three (3) years, a fine of up to $250,000, or both, and a discretionary term of supervised release of up to one year in addition to any imprisonment term adjudged.  See 21 U.S.C. 863(b), 18 U.S.C. 3571, & 3581, and U.S. Sentencing Commission Guideline 5D1.2.

Quoting in relevant part from the Criminal Complaint and supporting affidavit previously filed herein on January 2, 2004 in USDC-Hawaii Magistrate's Case #04-013KSC (a copy of which is attached hereto for the Court's reference as Exhibit "A"):

> 2.  McCully Market is a grocery/liquor store located at 845 McCully Street, Honolulu, HI.
>
> 3.  According to records available through the State of Hawaii Department of Commerce and Consumer Affairs (DCCA), Business Registration Division, internet website:
>
>     (a)  "McCully Market" is a currently active trade name master registered to McCully Market, Inc., since November 26, 2002, with an expiration date of November 25, 2013.  The stated purpose of this trade name is "retail- grocery & liquor".
>
>     (b) "McCully Market, Inc." is a Hawaii corporation which was incorporated on August 15, 2002.  Officers and directors of this corporation since July 1, 2003 are as follows: Seon Chang Chung, President/Secretary/Director; and **Young Eun Chung, Vice President/Treasurer/Director**.  The stated purpose of this corporation is "retail liquor store".

4.  According to Liquor Commission records:

(A) McCully Market, Inc., holds license #D0265. This license is currently active, with a designated class of "retail" and the kind being "general".

(B) Seon Chang Chung, SSN***-**-****, is listed as the President, Secretary, and Director, and **defendant Young Eun Chung, SSN***-**-****, is the Vice President, Treasurer, and Director.  Each of these two persons owns 500 shares of stock.**

Exhibit "A" at page 2 [emphasis added].

We would expect the trial evidence to show that in 2003 - 2004, McCully Market, Inc., was a family-owned corporation, with defendant Young Eun Chung being the daughter of Seon Chang Chung and co-defendant Sang Mo Chung.[1]  Of the two defendants herein, Sang Mo Chung had no discernible involvement in the corporation, whereas, on the other hand, Young Eun Chung was a corporate officer/director and a 50% shareholder.  In addition, Liquor Commission records also identified Young Eun Chung as the manager of McCully Market effective 10/23/02.

Defense counsel's moving papers have claimed that subsequent to the incidents giving rise to the instant criminal case, the Chung family sold the business to someone else.  Current DCCA and Liquor Commission records seem to reflect this, as McCully Market, Inc., was dissolved on June 6, 2005, and its liquor

---

[1] Co-defendant Sang Mo Chung has pled guilty to Count 1 of the Indictment on August 16, 2006.

license is presently held by another corporation with different officers and stockholders.

The instant criminal case was one of ten which were initiated in early 2004 to counter what was then a very serious problem in Honolulu of neighborhood grocery and liquor stores selling drug paraphernalia (in the main, glass methamphetamine smoking pipes commonly known as "ice pipes" or "bongs", as defendant was selling herein).  Eight of these cases have been completed, with the corporate and individual defendants therein being sentenced pursuant to their guilty pleas.  In the ninth case, the individual defendant has already pled guilty and his sentencing is scheduled for August 21, 2006.  For the individual defendants in the eight cases already completed, their Total Offense Levels under the U.S. Sentencing Commission Guidelines have been "10" and inasmuch as they fell within Zone B of the Sentencing Table, they were eligible for and did receive probation sentences.  We do not foresee a different result in the ninth case pending sentencing on August 21.

As indicated in greater detail in the appended Criminal Complaint (Exhibit "A"), the expected trial evidence would show that on October 24, 2003, defendant Young Eun Ching aided and abetted her father, co-defendant Sang Mo Chung, in the sale of drug paraphernalia (that is, a glass pipe, a scale, and torch lighter) at McCully Market to an undercover police officer (Count

1 of the Indictment), and then three days later, on October 27, 2003, Young Eun Chung, by herself, sold drug paraphernalia (a similar glass pipe) at McCully Market to the same undercover officer (Count 2 of the Indictment). The <u>modus operandi</u> was the same on both occasions, i.e., the glass pipes were kept out of public view in a hidden area under the cash register; additionally, the pipes themselves were pre-packaged in opaque, brown paper bags that were stapled shut.

**ARGUMENT:**

At the outset, defendant seemingly refers to <u>Alford</u> and nolo contendere pleas interchangeably. In fact, the two are different procedures.

In <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), the Supreme Court recognized a very limited situation in which a defendant may affirmatively maintain his/her innocence, but still nevertheless voluntarily <u>enter a plea of guilty</u>, so long as there was an adequate factual basis established to support the plea.[2] As pointed out in <u>United States v. King</u>, 257 F.3d 1013, 1022 (9th Cir. 2001):

> The record is clear that the court informed [defendant] King of the nature of the charges against him, satisfying the

---

[2] In <u>Alford</u>, the defendant entered his guilty plea to a murder charge, "but accompanied it with the statement that he had not shot the victim." 400 U.S. at 32. The factual basis supporting the plea was provided through prosecution proffers of evidence and testimony which occurred prior to the trial court's formal acceptance of the plea. 400 U.S. at 28.

5

requirements of Rule 11(c).  The only question, then, is
whether the court's acceptance of King's plea, despite his
assertion that he made no false statements, violated Rule
11(f)'s requirement that the court 'satisfy it(self) that
there is a factual basis for the plea'. Fed.R.Crim.P. 11(f).
Under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct 160, 27
L.Ed.2d 163 (1970), a trial court may accept a defendant's
guilty plea in accordance with Rule 11(f), even when the
defendant maintains his innocence, provided the defendant
clearly expresses a desire to enter the plea and the record
contains 'strong evidence of actual guilt'. Id. at 37, 91
S.Ct 160.  Sufficient evidence indicating guilt is adequate;
the court need not convince itself of guilt beyond a
reasonable doubt. [citation omitted].

In her moving papers, defendant is neither claiming factual

innocence nor seemingly is taking any action to contradict an

implicit acceptance of responsibility.  Consequently, this case

does not involve a Alford plea.

     Rather, it would appear that defendant is merely not

contesting the charges asserted against her in the indictment,

i.e., she is really seeking to enter a nolo contendere plea.

Under F.R.Cr.P. 11(a)(1), a defendant may only plead nolo

contendere with the Court's express consent.  Moreover, F.R.Cr.P.

11(a)(3) specifies that "[b]efore accepting a plea of nolo

contendere, the court must consider the parties' views and the

public interest in the effective administration of justice".

Consistent with the foregoing, Professor Moore instructs that

"[a] defendant does not have an absolute right to plead nolo

contendere; the consent of the court must be obtained, and such

consent is given sparingly". 24 Moore's Federal Practice
611.02[2][c] at 611-19.[3]

U.S. Department of Justice policy relative to pleas of nolo
contendere is consistent with the foregoing advice. See U.S.
Attorney's Manual 9-27.500.[4]  Former Attorney General Herbert
Brownell, Jr., in a departmental directive in 1953, made the
following apt observations:

> One of the factors which has tended to breed contempt for
> Federal law enforcement in recent times has been the
> practice of permitting as a matter of course in many
> criminal indictments the plea of nolo contendere.  While it
> may serve a legitimate purpose in a few extraordinary
> situations and where civil litigation is also pending, I can
> see no justification for it as an everyday practice,

---

[3] As Professor Moore also indicated:

[G]overnment consent is a significant factor in persuading
the court to accept the plea [of nolo contendere].  In
exercising its discretion in this regard the court takes
into account any mitigating circumstances, defendant's
personal characteristics, whether defendant was represented
by counsel, the culpability of the defendant relative to co-
defendants, the deterrent effect of a nolo as compared to a
guilty plea, the pragmatic consideration of avoiding an
expensive and time-consuming trial, and similar factors.

24 Moore's Federal Practice 611.02[2][c] at 611-19/20.

[4] Quoting from this provision of the U.S Attorney's Manual:

The attorney for the government should oppose the acceptance
of a plea of nolo contendere unless the Assistant Attorney
General with supervisory responsibility over the subject
matter concludes that the circumstances of the case are so
unusual that acceptance of such a plea would be in the
public interest.

No such approval by the Assistant Attorney General has been
granted in this case.

particularly where it is used to avoid certain indirect
consequences of pleading guilty, such as loss of license or
sentencing as a multiple offender.  Uncontrolled use of the
plea has led [sic] to shockingly low sentences and
insignificant fines which are not deterrent to crime.  As a
practical matter it accomplished little that is useful even
where the Government has civil litigation pending.
Moreover, a person permitted to plea nolo contendere admits
his guilt for the purpose of imposing punishment for his
acts and yet, for all other purposes, and as far as the
public is concerned, persists in this denial of wrongdoing.
It is no wonder that the public regards consent to such a
plea by the Government as an admission that it has only a
technical case at most and that the whole proceeding was
just a fiasco.

As quoted in U.S.A.M. 9-27.500.

We submit that it would not be in the public interest for
this Court to accept defendant's proposed nolo contendere pleas
to Counts 1 and 2 of the Indictment.  <u>First</u>, as Attorney General
Brownell has indicated, there is very little, if any at all,
acceptance of responsibility and genuine contrition reflected in
a defendant's nolo contendere plea and consequently, such a plea
only serves to evade personal responsibility and accountability.
<u>Second</u>, while recognizing on one hand that McCully Market was a
family-run business, Young Eun Chung's criminal responsibility,
given her role as a named corporate director/officer/stockholder,
vis a vis her father (co-defendant Sang Mo Chung, who was none of
the above) was greater.

<u>Third</u>, as a matter of policy, Young Eun Chung should have to
accept the consequences, both direct and indirect, of her
criminal conduct.  Given that she is an alien, the "indirect"

8

consequence she seeks to avoid is her potential deportability, and she hopes to do so by way of an <u>Alford</u>/nolo contendere plea without any judicial admissions on her part.  From prior discussions with defense counsel, she apparently believes that under a recently-decided Ninth Circuit case, such a plea might potentially give grounds to contest her deportability.[5]  Be that as it may, we question the appropriateness of utilizing a judicial plea procedure to shield a defendant from civil liability of his/her conduct and other consequences.

Alternatively and without prejudice to our primary argument herein, should this Court elect, in its discretion, to accept defendant's proposed <u>Alford</u>/nolo contendere plea to the indictment, we request the following:

<u>First</u>, that the Court also find that the appended Criminal Complaint and supporting affidavit (attached Exhibit "A") provide a factual basis that supports defendant's plea consistent with Ninth Circuit requirements as set forth in <u>King,</u> <u>supra</u>.  While F.R.Cr.P. 11(b)(3) only expressly requires the Court to make such a determination in the instance of a guilty plea, we believe that out of an abundance of caution, such a practice should similarly be followed with respect to a nolo contendere plea herein, to insure that there is a complete record

---

[5] The United States questions such an interpretation of this recent case, but this is not the appropriate forum to argue its merits.

of the factual basis underlying the criminal charges which defendant is not contesting and thereby explains the procedural posture of the case, should that become necessary at a later time. See, e.g., Alford (permissible for the court to establish a factual basis for defendant's guilty plea independent of defendant's in-court statements).

Second, that during the plea colloquy, this Court also admonish defendant that the Alford/nolo contendere plea procedure she is requesting is extraordinary and rarely granted and consequently, once the Court accepts her pleas, she will not be permitted to withdraw them at a later time.

For the reasons set forth herein, the United States asks that this Court deny the instant motion

DATED: Honolulu, Hawaii, August 18, 2006.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Michael K. Kawahara
   MICHAEL K. KAWAHARA
   Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

       I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served Electronically through CM/ECF:

William A. Harrison <u>wharrison@hamlaw.net</u>      August 18, 2006

  Attorney for Defendant
  Young Eun Chung


                                  <u>/s/ Rowena N. Kang</u>