Law Offices Of:
HARRISON & MATSUOKA

WILLIAM A. HARRISON    #2948
841 Bishop Street, Suite 800
Davies Pacific Center
Honolulu, Hawaii 96813
Telephone Number: 523-7041
Facsimile Number: 538-7579
E-Mail: wharrison@hamlaw.net

Attorney for Defendant
YOUNG EUN CHUNG

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 13 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 04-0036 SOM-02 |
|---|---|
| Plaintiff, | ) SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PERMISSION TO ENTER ALFORD PLEA; CERTIFICATE OF SERVICE |
| vs. | |
| YOUNG EUN CHUNG, | ) Date: October 2, 2006 |
| Defendant. | ) Time: 9:00 a.m. Magistrate Judge: Honorable SUSAN O. MOLLWAY |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PERMISSION
TO ENTER ALFORD PLEA

Comes now Defendant YOUNG EUN CHUNG, by and through her counsel, WLLIAM A. HARRISON and HARRISON & MATSUOKA, and hereby

submits her supplemental memorandum in support of her motion for an order permitting her to enter an Alford Plea in this case.

    DATED at Honolulu, Hawaii, September 12, 2006.

Law Offices Of:
HARRISON & MATSUOKA

_____
WILLIAM A. HARRISON
Attorney for Defendant
YOUNG EUN CHUNG

2

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Supplemental Memorandum in Support of Motion for Permission To Enter Alford Plea**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-0036SOM |
| ) | |
| Plaintiff, ) | SUPPLEMENTAL MEMORANDUM IN |
| ) | SUPPORT OF MOTION FOR |
| vs. ) | PERMISSION TO ENTER ALFORD |
| ) | PLEA |
| YOUNG EUN CHUNG ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION PERMISSION TO ENTER ALFORD PLEA

## THE COURT SHOULD ALLOW AN ALFORD PLEA UNDER THE CIRCUMSTANCES OF THIS CASE

In *North Carolina v. Alford*, 400 U.S. 25 (1970) the defendant was charged with first-degree murder, a capital crime in North Carolina. At the time, North Carolina law provided that "if a guilty plea to a charge of first-degree murder was accepted by the prosecution and the court, the penalty would be imprisonment, rather than death." *Id.* at 27 n. 1.

Alford claimed he was innocent, even in the face of strong evidence against him, but because of the seriousness of such evidence pleaded guilty to avoid the threat of the death penalty. He later claimed that his plea was a product of fear and coercion, because it was only made to avoid the threat of the death penalty. Recognizing that most guilty pleas "consist of both a waiver of trial and an express admission of guilt," the Supreme Court held that the

3

admission of guilt was "not a constitutional requisite to the imposition of criminal penalty." *Id. at 37.* While ruling that accepting such pleas is not prohibited either by the Bill of Rights or by the Fourteenth Amendment, the Court left room for states to prohibit the practice. Although Alford actually pleaded guilty, the Court extended its holding to nolo contendere pleas as well, stating that "[t]he fact that his [Alford's] plea was denominated a plea of guilty rather than a plea of nolo contendere is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law." *Id. at 37.*

Similarly in *United States v. King*, 257 F.3d 1013, the 9th Circuit held that so long as the mandates of Rule 11(c) of the Federal Rules of Criminal Procedure are met a defendant may maintain her innocence during her plea colloquy. All that a defendant need do is "clearly express a desire to enter a plea and the record contains 'strong evidence of actual guilt.' *Id.* at 1022 (citations omitted).

In the instant case defendant an alien was working at McCully Market for her father the owner of the store. She does not speak English well and was taking directions from him as to the sale of all items. She had no criminal intent to sell any prohibited items. Frankly she did not understand that the sale of any of the challenged items, were in the least bit illegal. In fact the

4

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Supplemental Memorandum in Support of Motion for Permission To Enter Alford Plea**

definition of "drug paraphernalia" requires a defendant to *understand* the nature of a controlled substance for which the paraphernalia is designed. Defendant Chung had neither the knowledge of the nature of the contraband which the product was designed to facilitate nor the drug related design of the paraphernalia.

In *Posters 'N' Things v. United States*, 511 U.S.513 (1994) the Supreme Court upheld the definition of drug paraphernalia in the context of a vagueness challenge to the Mail Order Drug Paraphernalia Control Act. *Posters 'N' Things, supra*, 511 U.S. at 517. That definition provided that the "term 'drug paraphernalia' means any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, ingesting, inhaling, or otherwise introducing into the human body *a controlled substance, possession of which is unlawful*" *Id.* at fn. 6 (emphasis added).

Therefore in this case the court need only inquire of the defendant as to whether she understands the nature of the charges against her, the potential penalties and her rights. The court must then obtain from defendant a clear expression of her desire to enter a plea. Thereafter if there is placed upon the record "strong evidence of actual guilt" rule 11(c) is subsequently satisfied.

Indeed if the court were to refuse thereafter to accept defendant's plea after the above criteria were met the court would then be held to have abused

its discretion in this case. See, *United States v. Gaskins,* 485 F.2d 1046 (D.C. Circuit 1973).

II.  CONCLUSION

Based upon the authorities cited above defendant submits that she should be allowed to enter an *Alford* plea in this case. Accordingly defendant would respectfully request an order from the court so approving such a plea.

Dated: Honolulu, Hawaii, September 12, 2006.

BY: WILLIAM A. HARRISON
Attorney for Defendant
YOUNG EUN CHUNG

6

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Supplemental Memorandum in Support of Motion for Permission To Enter Alford Plea**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Supplemental Memorandum in Support of a Motion for Permission to Enter an Alford Plea was duly served upon the following parties listed below, in the manner described thereto, at their last-known addresses on the date of filing.

|  | By U.S. Mail | by Facsimile |
|---|---|---|
| MICHAEL KAWAHARA, ESQ.<br>Assistant U.S. Attorney<br>300 Ala Moana Blvd, Rm. 6-100<br>Honolulu, Hawaii 96850 | X      AND | X |

Attorney for Plaintiffs
UNITED STATES OF AMERICA

Dated: Honolulu, Hawaii, September 12, 2006.

Law Offices Of:
HARRISON & MATSUOKA

_____
By WILLIAM A. HARRISON
Attorney for Defendant
YOUNG EUN CHUNG

7

UNITED STATES OF AMERICA v. YOUNG EUN CHUNG; CR. NO. 04-0446SOM; **Supplemental Memorandum in Support of Motion for Permission To Enter Alford Plea**